# Exhibit A – State Court Record

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

# Craig Dulworth, Brianna Dulworth v. Equifax Information Services, LLC, Experian Information Solutions, Inc.

| Case Number | 41D04-2202-MI-000029 |
|---|---|
| Court | Johnson Superior Court 4 |
| Type | MI - Miscellaneous Civil |
| Filed | 02/01/2022 |
| Status | 02/01/2022 , Pending  (active) |

## Parties to the Case

| Defendant | Equifax Information Services, LLC |
|---|---|
| Defendant | Experian Information Solutions, Inc. |

| Plaintiff | Dulworth, Craig |
|---|---|

**Attorney**
John Thomas Steinkamp
*#1989149, Retained*

5214 S East ST
STE 1D
Indianapolis, IN 46227
317-782-9800(W)

| Plaintiff | Dulworth, Brianna |
|---|---|

**Attorney**
John Thomas Steinkamp
*#1989149, Retained*

5214 S East ST
STE 1D
Indianapolis, IN 46227
317-782-9800(W)

## Chronological Case Summary

**02/01/2022    Case Opened as a New Filing**

**02/01/2022    Complaint/Equivalent Pleading Filed**
Complaint/Petition

| | | |
|---|---|---|
| | Filed By: | Dulworth, Craig |
| | Filed By: | Dulworth, Brianna |
| | File Stamp: | 02/01/2022 |

| 02/01/2022 | **Appearance Filed** | |
|---|---|---|
| | Appearance | |
| | For Party: | Dulworth, Craig |
| | For Party: | Dulworth, Brianna |
| | File Stamp: | 02/01/2022 |
| 02/01/2022 | **Subpoena/Summons Filed** | |
| | Experian Summons | |
| | Filed By: | Dulworth, Craig |
| | Filed By: | Dulworth, Brianna |
| | File Stamp: | 02/01/2022 |
| 02/01/2022 | **Subpoena/Summons Filed** | |
| | Equifax Summons | |
| | Filed By: | Dulworth, Craig |
| | Filed By: | Dulworth, Brianna |
| | File Stamp: | 02/01/2022 |

# Financial Information

* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

## Dulworth, Craig

Plaintiff

Balance Due (as of 03/10/2022)

0.00

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 02/01/2022 | Transaction Assessment | 157.00 |
| 02/01/2022 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

| STATE OF INDIANA | | IN THE JOHNSON SUPERIOR COURT |
|---|---|---|
| | SS: | |
| COUNTY OF JOHNSON | | CAUSE NO.: _____ |

CRAIG DULWORTH and BRIANNA DULWORTH,

                Plaintiffs,

vs.

EQUIFAX INFORMATION SERVICES, LLC and EXPERIAN INFORMATION SOLUTIONS INC.,

                Defendants.

## PETITION

COME NOW Plaintiffs Craig Dulworth and Brianna Dulworth, through counsel, and for Plaintiffs' causes of action against Defendants state as follows:

1. This is an action for damages brought by individual consumers against the Defendants Equifax Information Services LLC and Experian Information Solutions Inc. for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq*.

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. Venue lies properly in this district under 28 U.S.C. §1391(b).

4. Plaintiffs are Citizens of the State of Indiana.

5. Defendant Equifax Information Services LLC ("Equifax") is a Georgia Limited Liability Company.

6. Defendant Equifax was and is engaged in the business of credit reporting, all within Indiana.

7. Defendant Experian Information Solutions Inc. ("Experian") is a Delaware

1

corporation.

8. Defendant Experian was and is engaged in the business of credit reporting, within the State of Indiana.

9. Defendants Equifax and Experian are both sophisticated entities, well aware of their obligations under the FCRA.

10. On or about October 12, 2018, Plaintiffs filed for joint bankruptcy protection under Chapter 7 of the Bankruptcy Code in case number 18-07856-JMC-7, filed in the Southern District of Indiana.

11. Plaintiffs received a bankruptcy discharge in case number 18-07856-JMC-7 on or about January 15, 2019.

12. As part of the bankruptcy proceedings, Plaintiffs reaffirmed an automobile loan with Ally Financial/Ally Bank ("Ally") in document twenty (20) of case number 18-07856-JMC-7.

13. Both prior to and after the reaffirmation of the Ally automobile loan in Plaintiffs' bankruptcy, Plaintiffs maintained current payments on the account.

14. After the reaffirmation of the automobile loan, payments were presumably reported to Defendants Equifax and Experian as being timely made, which is internally inconsistent with Defendants' reporting of the account.

15. After the reaffirmation of the automobile loan, the account should have been reported positively on Plaintiffs' Equifax and Experian credit reports, which was the purpose of the reaffirmation.

16. Plaintiffs Craig Dulworth and Brianna Dulworth each accessed their Equifax consumer disclosures (hereafter referred to as "Equifax credit report") on or about June 25, 2021

2

and discovered that their automobile loan with Ally was reported as "INCLUDED_IN_BANKRUPTCY" with no payment history.

17. Plaintiffs each accessed their Experian consumer disclosures (hereafter referred to as "Experian credit report") on or about June 25, 2021 and discovered that their automobile loan with Ally was reported as "Discharged through Bankruptcy Chapter 7/Never late."

18. Equifax's reporting of the Ally loan as included in bankruptcy with no payment history is false and inaccurate, due to Plaintiffs' reaffirmation agreement in case number 18-07856-JMC-7.

19. Experian's reporting of the Ally loan as discharged through bankruptcy is false and inaccurate, due to Plaintiffs' reaffirmation agreement in case number 18-07856-JMC-7.

20. Plaintiffs each accessed their Equifax credit reports again on or about August 19, 2021 and found that their automobile loan with Ally was still reported as "INCLUDED_IN_BANKRUPTCY" with no payment history.

21. Equifax's reporting of the Ally automobile loan on August 19, 2021 is false and inaccurate.

22. Plaintiffs disputed the inaccuracies on their Equifax and Experian credit reports in dispute letters dated September 7, 2021, sent via certified U.S. mail.

23. Neither Craig Dulworth nor Brianna Dulworth received a response from Defendants Equifax and Experian regarding Plaintiffs' dispute letters, indicating that both Defendants failed to reinvestigate Plaintiffs' disputes and otherwise failed to correct the inaccuracies on Plaintiffs' Equifax and Experian credit reports.

24. Plaintiff Brianna Dulworth accessed her Equifax credit report again on or about October 29, 2021 and found that her Ally automobile loan was still misreported as

3

"INCLUDED_IN_BANKRUPTCY."

25. Plaintiff Craig Dulworth accessed his Experian credit report again on or about October 29, 2021 and found that his Ally automobile loan was still misreported as "Discharged through Bankruptcy Chapter 7."

26. Accordingly, Plaintiffs disputed the inaccuracies on their Equifax and Experian reports a second time in dispute letters dated November 1, 2021, sent via certified U.S. mail.

27. Again, Plaintiffs did not receive a response from either Defendant Equifax or Defendant Experian regarding Plaintiffs' dispute letters, indicating that both Defendants failed to reinvestigate Plaintiffs' disputes and otherwise failed to correct the inaccuracies on Plaintiffs' Equifax and Experian credit reports.

28. Plaintiffs Craig Dulworth and Brianna Dulworth accessed their Equifax credit reports on or about January 12, 2022, where Equifax continues to misreport Plaintiffs' Ally automobile loan as "INCLUDED_IN_BANKRUPTCY" with no payment history.

29. Plaintiffs accessed their Experian credit reports on or about January 12, 2022, where Experian continues to misreport Plaintiffs' Ally automobile loan as "Discharged through Bankruptcy Chapter 7."

30. On Plaintiff Craig Dulworth's Experian credit report dated January 12, 2022, Experian states that it "completed investigation of FCRA dispute – consumer disagrees" in regard to Craig Dulworth's Ally automobile loan.

31. Upon information and belief, Experian received notice of Plaintiffs' disputes as part of any reinvestigation(s) done by Defendant Experian, indicating that Defendant Experian failed

4

to contact Ally as part of Experian's reinvestigation while failing to correct the information on Plaintiffs' credit reports.

## Count I:
## Violations of the Fair Credit Reporting Act

Comes now Plaintiffs and for Count I against Defendants Equifax and Experian and alleges to the Court:

32. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

33. Defendants Equifax and Experian have no reasonable means of monitoring or updating Plaintiffs' Ally automobile loan to reconcile reaffirmed debts with other accounts that are discharged in bankruptcy.

34. Despite this knowledge and reporting of Plaintiffs' January 15, 2019 bankruptcy discharge, Defendants Equifax and Experian have no reasonable means of monitoring or updating Ally Financial correctly once a bankruptcy discharge is issued.

35. Despite this knowledge and reporting of the January 15, 2019 bankruptcy discharge, the credit reports prepared by Defendants Equifax and Experian still falsely report Plaintiffs' reaffirmed Ally account with inaccurate and misleading information.

36. Plaintiffs' creditors and potential creditors have accessed Plaintiffs' reports while the misreporting was on the credit report and were misinformed by Defendants about Plaintiffs' credit worthiness.

37. Pertinent hereto, Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

38. Pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

39. Pertinent hereto, the Plaintiffs Craig Dulworth and Brianna Dulworth are "consumers" as that term is defined by 15 U.S.C. §1681a(c).

40. Pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

41. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax and Experian are liable to the Plaintiffs for willfully and negligently violating the requirements imposed on Defendants Equifax and Experian of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiffs' reports.

42. In addition, Plaintiffs disputed the inaccuracy to Defendants Equifax and Experian as described above.

43. Upon information and belief, Defendants Equifax and Experian reported to Ally that Plaintiffs disputed the reporting of Plaintiffs' Ally automobile loan as included or discharged in bankruptcy.

44. As previously described, Defendants Equifax and Experian failed to correct the inaccuracies or otherwise reverified to Plaintiffs that the reporting was accurate.

45. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax and Experian are liable to the Plaintiffs for willfully and negligently violating the requirements imposed on Defendants Equifax and Experian of information under 15 U.S.C. §1681i wherein the Defendants failed to use reasonable procedures to reinvestigate Plaintiffs' disputes and, likewise, took inadequate action to correct Plaintiffs' consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

46. As a result of Defendants' violations, Plaintiff Brianna Dulworth was denied a credit increase on a line of credit she owns with Comenity Bank.

47. As a result of Defendants Equifax's violations, Plaintiffs Craig Dulworth and Brianna Dulworth were twice denied an automobile loan with Teacher's Credit Union.

48. The inaccurate information negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, and Plaintiffs' financial responsibility as debtors and Plaintiffs' credit worthiness.

49. Defendant Equifax and Experian's failures to maintain reasonable policies and procedures to ensure the maximum possible accuracy of its credit reporting, as well as Defendants' failures to conduct reasonable reinvestigations has harmed Plaintiffs in that Plaintiffs were denied the benefit of their reaffirmation agreement and the money paid to secure that benefit.

50. The conduct of Defendants Equifax and Experian was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs and Defendants Equifax and Experian are liable to the Plaintiffs for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation,

and such further relief, as permitted by law.

WHEREFORE, Plaintiffs seeks judgment in Plaintiffs' favor and damages against Defendants Equifax andExperian, based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e. Such other and further relief as may be necessary, just and proper.

*Respectfully submitted,*

/s/ John T. Steinkamp
John T. Steinkamp, #19891-49
Attorney for Defendant
5214 S. East Street, Suite D-1
Indianapolis, IN 46227
317-780-8300
john@johnsteinkampandassociates.com

**Demand for Jury Trial**

Comes now Plaintiff and demands a jury trial on all issues so triable.

/s/ John T. Steinkamp
John T. Steinkamp, #19891-49

# SUMMONS

Johnson Superior Court 4

In the Johnson Superior Court

CRAIG DULWORTH and

BRIANNA DULWORTH

**Plaintiff**

—vs—

EXPERIAN INFORMATION SERVICES, LLC

Cause No. _____

**Defendant**

TO DEFENDANT: (Name) _____ EXPERIAN c/o Corporation Service Company

(Address) _____ 334 North Senate Ave.

_____ Indianapolis, IN 46204-1708

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you be the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated 2/1/2022

_Trena McLaughlin_
Clerk, Johnson County Superior Court (Seal)

**(The following manner of service of summons is hereby designated.)**

[✓] Registered or certified mail.

[ ] Service at place of employment, to-wit _____

[ ] Service on individual   (Personal or copy) at above address.

[✓] Service on agent. (Specify) **Corporation Service Company**

[ ] Other service. (Specify) _____

John T. Steinkamp, 19891-49
**Attorney for Plaintiff**
5214 S. East. St., D1 Indpls, IN
Address
(317)780-8300
Telephone

Johnson County Superior Court
E Jefferson St. Franklin, IN 46131
317-736-5000

Telephone

Form #209

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20____

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant _____

(2) By leaving a copy of the Summons and a copy of the complaint at _____
which is the dwelling place or usual place of abode of _____
and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____
_____

_____     _____
Sheriff's Costs                                  Sheriff

                                                 By: _____
                                                     Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20_ ____, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                 Clerk, Marion Superior Court

Dated: _____, 20____          By: _____
                                                     Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20____.

                                                 Clerk, Marion Superior Court

                                                 By: _____
                                                     Deputy

---

**SUMMONS**

SUPERIOR COURT ROOM NO. _____

SHERIFF'S COSTS

Plaintiff

vs.

Defendant

Cause No. _____

Room No. _____

Attorney for Plaintiff
John T. Steinkamp, 19891-49

Address

Telephone

# SUMMONS

Johnson Superior Court 4

In the Johnson Superior Court

CRAIG DULWORTH and

BRIANNA DULWORTH

Plaintiff

—vs—

EQUIFAX INFORMATION SERVICES, LLC

Cause No. _____

Defendant

TO DEFENDANT: (Name) **EQUIFAX c/o Corporation Service Company**

(Address) **135 North Pennsylvania Street, Ste. 1610**

**Indianapolis, IN, 46204**

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you be the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated _____    _____(Seal)
                                 Clerk, Johnson County Superior Court

**(The following manner of service of summons is hereby designated.)**

[✓] Registered or certified mail.

[ ] Service at place of employment, to-wit _____

[ ] Service on individual    (Personal or copy) at above address.

[✓] Service on agent. (Specify) **Corporation Service Company**

[ ] Other service. (Specify) _____

John T. Steinkamp, 19891-49
**Attorney for Plaintiff**
5214 S. East. St., D1 Indpls, IN
Address
(317)780-8300
Telephone

Johnson County Superior Court
E Jefferson St. Franklin, IN 46131
317-736-5000

Telephone

Form #209

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20_____

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant _____

(2) By leaving a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of _____ and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____

_____

_____                _____
Sheriff's Costs                                                                  Sheriff

                                                                        By: _____
                                                                                 Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20_____, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                                        _____
                                                                        Clerk, Marion Superior Court

Dated: _____, 20_____    By: _____
                                                                                    Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20_____.

                                                                        _____
                                                                        Clerk, Marion Superior Court

                                                                        By: _____
                                                                                 Deputy

---

Telephone | Address | Attorney for Plaintiff | John T. Steinkamp, 19891-49 | SHERIFF'S COSTS | SUPERIOR COURT ROOM NO. ____ | SUMMONS | Defendant | vs. | Plaintiff | Cause No. ____ | Room No. ____

| | | |
|---|---|---|
| **STATE OF INDIANA** | SS: | **IN THE JOHNSON SUPERIOR COURT** |
| **COUNTY OF JOHNSON** | | |
| CRAIG DULWORTH and BRIANNA DULWORTH, | | |
| Plaintiffs, | | |
| vs. | | |
| EQUIFAX INFORMATION SERVICES, LLC and EXPERIAN INFORMATION SOLUTIONS INC., | | |
| Defendants. | | |

### APPEARANCE BY ATTORNEY IN A CIVIL CASE

Party Classification:    Initiating   X     Responding  _____     Intervening _____

Comes now Attorney John T. Steinkamp, and enters his appearance on behalf of NOW Plaintiffs Craig Dulworth and Brianna Dulworth, in the above-entitled civil proceeding.

Respectfully submitted

/s/ John T. Steinkamp
John T. Steinkamp, #19891-49
Attorney for Plaintiff
5214 S. East Street, Suite D-1
Indianapolis, IN  46227
(317) 780-8300
(317) 217-1320
john@johnsteinkampandassociates.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing has been served via certified mail to the name and address listed below on this <u>1st</u> day of<u> February,</u> 2022.

Equifax Information Services, LLC
c/o Corporation Service Company
135 North Pennsylvania St. 1610
Indianapolis, IN 46204

Experian
c/o CT Corporation System
334 North Senate Ave.
Indianapolis, IN 46204-1708

<u>/s/ John Steinkamp</u>
John Steinkamp
John Steinkamp and Associates
5214 S. East Street, Ste. E-1
Indianapolis, IN 46227
(317) 780-8300
