# Exhibit B – Plaintiff's Complaint

Case 1:22-cv-00469-JMS-MJD   41D04-2202-MI-000293  03/10/22   Page 2 of 9 PageID #: 23

Filed: 2/1/2022 12:28 PM
Clerk
Johnson County, Indiana

41D04-2201-MI-000029
Johnson Superior Court 4

| | |
|---|---|
| STATE OF INDIANA | IN THE JOHNSON SUPERIOR COURT |
| COUNTY OF JOHNSON | CAUSE NO.: _____ |

SS:

CRAIG DULWORTH and BRIANNA DULWORTH,

          Plaintiffs,

vs.

EQUIFAX INFORMATION SERVICES, LLC and EXPERIAN INFORMATION SOLUTIONS INC.,

          Defendants.

## PETITION

COME NOW Plaintiffs Craig Dulworth and Brianna Dulworth, through counsel, and for Plaintiffs' causes of action against Defendants state as follows:

1. This is an action for damages brought by individual consumers against the Defendants Equifax Information Services LLC and Experian Information Solutions Inc. for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq*.

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. Venue lies properly in this district under 28 U.S.C. §1391(b).

4. Plaintiffs are Citizens of the State of Indiana.

5. Defendant Equifax Information Services LLC ("Equifax") is a Georgia Limited Liability Company.

6. Defendant Equifax was and is engaged in the business of credit reporting, all within Indiana.

7. Defendant Experian Information Solutions Inc. ("Experian") is a Delaware

1

corporation.

8. Defendant Experian was and is engaged in the business of credit reporting, within the State of Indiana.

9. Defendants Equifax and Experian are both sophisticated entities, well aware of their obligations under the FCRA.

10. On or about October 12, 2018, Plaintiffs filed for joint bankruptcy protection under Chapter 7 of the Bankruptcy Code in case number 18-07856-JMC-7, filed in the Southern District of Indiana.

11. Plaintiffs received a bankruptcy discharge in case number 18-07856-JMC-7 on or about January 15, 2019.

12. As part of the bankruptcy proceedings, Plaintiffs reaffirmed an automobile loan with Ally Financial/Ally Bank ("Ally") in document twenty (20) of case number 18-07856-JMC-7.

13. Both prior to and after the reaffirmation of the Ally automobile loan in Plaintiffs' bankruptcy, Plaintiffs maintained current payments on the account.

14. After the reaffirmation of the automobile loan, payments were presumably reported to Defendants Equifax and Experian as being timely made, which is internally inconsistent with Defendants' reporting of the account.

15. After the reaffirmation of the automobile loan, the account should have been reported positively on Plaintiffs' Equifax and Experian credit reports, which was the purpose of the reaffirmation.

16. Plaintiffs Craig Dulworth and Brianna Dulworth each accessed their Equifax consumer disclosures (hereafter referred to as "Equifax credit report") on or about June 25, 2021

and discovered that their automobile loan with Ally was reported as "INCLUDED_IN_BANKRUPTCY" with no payment history.

17. Plaintiffs each accessed their Experian consumer disclosures (hereafter referred to as "Experian credit report") on or about June 25, 2021 and discovered that their automobile loan with Ally was reported as "Discharged through Bankruptcy Chapter 7/Never late."

18. Equifax's reporting of the Ally loan as included in bankruptcy with no payment history is false and inaccurate, due to Plaintiffs' reaffirmation agreement in case number 18-07856-JMC-7.

19. Experian's reporting of the Ally loan as discharged through bankruptcy is false and inaccurate, due to Plaintiffs' reaffirmation agreement in case number 18-07856-JMC-7.

20. Plaintiffs each accessed their Equifax credit reports again on or about August 19, 2021 and found that their automobile loan with Ally was still reported as "INCLUDED_IN_BANKRUPTCY" with no payment history.

21. Equifax's reporting of the Ally automobile loan on August 19, 2021 is false and inaccurate.

22. Plaintiffs disputed the inaccuracies on their Equifax and Experian credit reports in dispute letters dated September 7, 2021, sent via certified U.S. mail.

23. Neither Craig Dulworth nor Brianna Dulworth received a response from Defendants Equifax and Experian regarding Plaintiffs' dispute letters, indicating that both Defendants failed to reinvestigate Plaintiffs' disputes and otherwise failed to correct the inaccuracies on Plaintiffs' Equifax and Experian credit reports.

24. Plaintiff Brianna Dulworth accessed her Equifax credit report again on or about October 29, 2021 and found that her Ally automobile loan was still misreported as

3

"INCLUDED_IN_BANKRUPTCY."

25. Plaintiff Craig Dulworth accessed his Experian credit report again on or about October 29, 2021 and found that his Ally automobile loan was still misreported as "Discharged through Bankruptcy Chapter 7."

26. Accordingly, Plaintiffs disputed the inaccuracies on their Equifax and Experian reports a second time in dispute letters dated November 1, 2021, sent via certified U.S. mail.

27. Again, Plaintiffs did not receive a response from either Defendant Equifax or Defendant Experian regarding Plaintiffs' dispute letters, indicating that both Defendants failed to reinvestigate Plaintiffs' disputes and otherwise failed to correct the inaccuracies on Plaintiffs' Equifax and Experian credit reports.

28. Plaintiffs Craig Dulworth and Brianna Dulworth accessed their Equifax credit reports on or about January 12, 2022, where Equifax continues to misreport Plaintiffs' Ally automobile loan as "INCLUDED_IN_BANKRUPTCY" with no payment history.

29. Plaintiffs accessed their Experian credit reports on or about January 12, 2022, where Experian continues to misreport Plaintiffs' Ally automobile loan as "Discharged through Bankruptcy Chapter 7."

30. On Plaintiff Craig Dulworth's Experian credit report dated January 12, 2022, Experian states that it "completed investigation of FCRA dispute – consumer disagrees" in regard to Craig Dulworth's Ally automobile loan.

31. Upon information and belief, Experian received notice of Plaintiffs' disputes as part of any reinvestigation(s) done by Defendant Experian, indicating that Defendant Experian failed

4

to contact Ally as part of Experian's reinvestigation while failing to correct the information on Plaintiffs' credit reports.

## Count I:
## Violations of the Fair Credit Reporting Act

Comes now Plaintiffs and for Count I against Defendants Equifax and Experian and alleges to the Court:

32. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

33. Defendants Equifax and Experian have no reasonable means of monitoring or updating Plaintiffs' Ally automobile loan to reconcile reaffirmed debts with other accounts that are discharged in bankruptcy.

34. Despite this knowledge and reporting of Plaintiffs' January 15, 2019 bankruptcy discharge, Defendants Equifax and Experian have no reasonable means of monitoring or updating Ally Financial correctly once a bankruptcy discharge is issued.

35. Despite this knowledge and reporting of the January 15, 2019 bankruptcy discharge, the credit reports prepared by Defendants Equifax and Experian still falsely report Plaintiffs' reaffirmed Ally account with inaccurate and misleading information.

36. Plaintiffs' creditors and potential creditors have accessed Plaintiffs' reports while the misreporting was on the credit report and were misinformed by Defendants about Plaintiffs' credit worthiness.

37. Pertinent hereto, Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

5

38. Pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

39. Pertinent hereto, the Plaintiffs Craig Dulworth and Brianna Dulworth are "consumers" as that term is defined by 15 U.S.C. §1681a(c).

40. Pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

41. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax and Experian are liable to the Plaintiffs for willfully and negligently violating the requirements imposed on Defendants Equifax and Experian of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiffs' reports.

42. In addition, Plaintiffs disputed the inaccuracy to Defendants Equifax and Experian as described above.

43. Upon information and belief, Defendants Equifax and Experian reported to Ally that Plaintiffs disputed the reporting of Plaintiffs' Ally automobile loan as included or discharged in bankruptcy.

44. As previously described, Defendants Equifax and Experian failed to correct the inaccuracies or otherwise reverified to Plaintiffs that the reporting was accurate.

45. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax and Experian are liable to the Plaintiffs for willfully and negligently violating the requirements imposed on Defendants Equifax and Experian of information under 15 U.S.C. §1681i wherein the Defendants failed to use reasonable procedures to reinvestigate Plaintiffs' disputes and, likewise, took inadequate action to correct Plaintiffs' consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

46. As a result of Defendants' violations, Plaintiff Brianna Dulworth was denied a credit increase on a line of credit she owns with Comenity Bank.

47. As a result of Defendants Equifax's violations, Plaintiffs Craig Dulworth and Brianna Dulworth were twice denied an automobile loan with Teacher's Credit Union.

48. The inaccurate information negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, and Plaintiffs' financial responsibility as debtors and Plaintiffs' credit worthiness.

49. Defendant Equifax and Experian's failures to maintain reasonable policies and procedures to ensure the maximum possible accuracy of its credit reporting, as well as Defendants' failures to conduct reasonable reinvestigations has harmed Plaintiffs in that Plaintiffs were denied the benefit of their reaffirmation agreement and the money paid to secure that benefit.

50. The conduct of Defendants Equifax and Experian was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs and Defendants Equifax and Experian are liable to the Plaintiffs for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation,

and such further relief, as permitted by law.

WHEREFORE, Plaintiffs seeks judgment in Plaintiffs' favor and damages against Defendants Equifax andExperian, based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e. Such other and further relief as may be necessary, just and proper.

*Respectfully submitted,*

/s/ John T. Steinkamp
John T. Steinkamp, #19891-49
Attorney for Defendant
5214 S. East Street, Suite D-1
Indianapolis, IN 46227
317-780-8300
john@johnsteinkampandassociates.com

**Demand for Jury Trial**

Comes now Plaintiff and demands a jury trial on all issues so triable.

/s/ John T. Steinkamp
John T. Steinkamp, #19891-49