# Exhibit C

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STECKLEIN & RAPP CHARTERED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-mc-09003-RK |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER ON PLAINTIFF'S MOTION TO QUASH

Before the Court is Plaintiff Stecklein & Rapp Chartered's Motion to Quash Subpoenas and for Protective Order. (Doc. 1.) The motion is fully briefed. (Docs. 7, 14.) For the reasons below, the motion is **GRANTED**, the subpoenas are **QUASHED**, and Plaintiffs are awarded their attorney fees and costs incurred in this matter.

### Background

This subpoena action relates to a lawsuit filed by Brianna and Craig Dulworth ("Plaintiffs") in Johnson County, Indiana, in which Plaintiffs are represented by Stecklein & Rapp Chartered ("S&R"). In that lawsuit, which has since been removed to the Southern District of Indiana, Plaintiffs allege violations of the Fair Credit Reporting Act ("FCRA") against several defendants, including Experian Information Solutions Inc. Specifically, Plaintiffs allege that they reaffirmed an automobile loan with Ally Financial, Inc. during a bankruptcy they jointly filed on October 12, 2018. *See Dulworth v. Equifax Information Services LLC*, No. 1:22-CV-00469-JMS-MJD (S.D. Ind.) (Dkt. No. 72 at ¶¶ 10, 27). Plaintiffs allege that Experian falsely reported the loan as discharged in bankruptcy, which harmed their credit. *See id.* (Dkt. No. 72 at ¶¶ 19, 48, 49). Plaintiffs also allege that they each disputed this information with Experian by notifying Experian twice in writing and that Experian was then required to conduct a reinvestigation in accordance with the FCRA, specifically 15 U.S.C. § 1681i. *See id.* (Dkt. No. 72 ¶¶ 22, 23, 26, 45). Plaintiffs allege that Experian failed to conduct a proper reinvestigation and, as a result, Experian is liable for damages under the FCRA. *See id.* (Dkt. No. 72 ¶¶ 45, 48).

Experian issued two subpoenas to S&R. The document subpoena seeks the following, from February 1, 2020, through the present, unless otherwise specified:

1. All Documents referring or relating to Your drafting of Consumer Disputes, including, but not limited to form or template dispute letters.

2. All Documents referring or relating to Your drafting of Plaintiffs' Dispute Letters, including, but not limited to draft versions.

3. All Documents which refer or relate to form retention agreements or contracts between You and Your clients related to the submission of Consumer Disputes, including but not limited to form or template retention agreements or contracts.

4. All Documents which refer or relate to form retention agreements or contracts between You and Your clients related representation in bankruptcy proceedings, including, but not limited to form or template agreements.

5. All Documents which refer or relate to form retention agreements or contracts between You and Your clients related to representation in civil litigation outside of bankruptcy proceedings, including, but not limited to form or template retention agreements or contracts.

6. All Documents which refer or relate to compliance with the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq*.

7. Documents sufficient to show your revenue since February 1, 2019 related, directly or indirectly, to the drafting and mailing of Consumer Disputes.

8. Documents sufficient to show the number of Consumer Disputes You drafted or mailed since February 1, 2019.

9. Documents sufficient to identify the state of residence for the consumers described in any Consumer Dispute You drafted or mailed since February 1, 2019.

10. Documents sufficient to show the number of Consumer Disputes You mailed to Experian since February 1, 2019.

11. Documents sufficient to identify all consumers on whose behalf You drafted or mailed any Consumer Disputes, but whom You have not represented in litigation arising under the Fair Credit Reporting Act.

12. All retention agreements or contracts between You and Plaintiffs.

13. All Documents referring or relating to agreements or contracts between You and John Steinkamp & Associates, P.C.

(Doc. 2-1 at 8-9.)

The deposition subpoena seeks testimony from a designated officer, director or other person prepared and competent to testify on behalf of S&R as to:

1. Your use of the internet to advertise services for the express or implied purpose of improving the consumer's credit rating. *See, e.g.*, "Our Approach," *available at* https://www.giveyourselfcredit.com/our-approach/; "How Do I Dispute Things

That Are Not Me On My Credit Reports," *available at* https://vimeo.com/697446911.

2. Your efforts to solicit consumers business related to improving the consumer's credit rating. *See, e.g.,* "Your Right to Dispute Errors on Your Credit Report," *available at* https://www.giveyourselfcredit.com/blog/your-right-to-dispute-errors-on-your-credit-report/ ("We will work with you to correct or remove false data and restore your credit.").

3. Your role (e.g. drafting, paying postage, etc.) in submitting Consumer Disputes on behalf of consumers.

4. Your role (e.g. drafting, paying postage, etc.) in submitting Plaintiffs' Dispute Letters.

5. The number of Consumer Disputes you have played any role in drafting or mailing since August, February 1, 2019.

6. The amount of payment You have received related, directly or indirectly, to the drafting and/or sending of Consumer Disputes.

7. The amount of compensation you have charged or billed Plaintiffs related, directly or indirectly, to Plaintiffs' Dispute Letters.

8. Whether Stecklein & Rapp considers itself, among other things, a Credit Repair Organization, or subject to regulation as such.

(Doc. 2-2 at 4-6.)

S&R moves to quash the subpoenas and for entry of a protective order, arguing the subpoenas seek documents and testimony that are irrelevant to the underlying lawsuit and because compliance with the subpoenas would subject S&R and its past, present, and future clients to undue burden and expense, annoyance, oppression, and embarrassment. (Doc. 1 at 2.) Experian argues the discovery sought would help clarify the nature and scope of the credit repair services S&R offers clients and show how they are compensated for those services. (Doc. 7 at 9.)

The focus of the parties' current dispute regarding the scope of the subpoenas is based on the following provision in the FCRA, which the Plaintiffs allege Experian violated in the underlying lawsuit:

[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and ***the consumer notifies the agency directly***, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation[.]

15 U.S.C. § 1681i(a)(1)(A) (emphasis added).[1]

---

[1] Neither party argues that S&R is a reseller or consumer under the statutory definitions.

3

Courts interpreting this provision have found that "a consumer who was involved in either the drafting, finalizing, or sending of the dispute letter has sent the letter 'directly' even if he had assistance in doing so. Only where an individual had no role in preparing, reviewing, or sending the letter, does he fail to satisfy the direct requirement." *Rivera v. Equifax Info. Servs., LLC*, 341 F.R.D. 328, 347 (N.D. Ga. 2022) (citing *Henry v. Freedom Mortg. Corp.*, No. CV-19-01121-PHX-SRB, 2020 WL 8921079, at *4 (D. Ariz. Apr. 27, 2020) (finding that plaintiff sent letter directly where he, not credit repair organization, mailed letter, even if repair organization assisted with preparation of dispute letter) ("Plaintiff need only establish that he had some role in drafting, finalizing, or sending" the letter); *Warner v. Experian Info. Sols.*, 931 F.3d 917, 921 (9th Cir. 2019) (issuing holding "limited to the facts before [the court]" that where plaintiff played *no* role in preparing the letters and did not review them before they were sent by credit repair organization, he did not "directly" send them); *Cohen v. Equifax Info. Servs.*, No. 18-cv-6210 (JSR), 2019 WL 5200759, at *6 (S.D.N.Y. Sept. 13, 2019) (finding that, where plaintiff only signed up for credit repair website and credit repair website submitted disputes, she did not send the disputes directly)).

Thus, the relevant question is the level of participation by Plaintiffs in the process of contributing information for, creating, composing, editing, reviewing, approving, signing, and mailing their dispute letters to Experian. As such, any representations made by their counsel's firm in advertising, retention letters, interactions and communications with other clients, their compensation structure, and other similar matters generally referred to and requested in the subject subpoenas are not relevant.

Because this Order quashing the subpoenas – and awarding attorney fees and costs incurred by S&R to litigate their motion to quash – adequately protects S&R and the clients of S&R from annoyance, embarrassment, oppression, or undue burden or expense, a protective order is not warranted at this juncture.

After careful consideration, Plaintiff's motion to quash subpoenas is **GRANTED**, the subpoenas are **QUASHED**, and Plaintiffs are awarded their attorney fees and costs incurred in this matter.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 7, 2023