UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CRAIG DULWORTH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00469-JMS-MJD |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO STAY**

This matter is before the Court on Defendant Experian's motion to stay.  [Dkt. 168.]  For

the reasons set forth below, the motion is **DENIED**.

Plaintiffs bring this case pursuant to the Fair Credit Reporting Act ("FCRA"), alleging

that Experian falsely reported a debt as discharged in bankruptcy and failed properly to conduct a

reinvestigation when notified of the error by Plaintiffs.  The notice sent to Experian by Plaintiffs

was drafted with the assistance of a law firm, Stecklein & Rapp Chartered ("Stecklein").

Experian sought non-party discovery by means of Rule 45 subpoenas served on Stecklein to, in

Experian's words, "confirm whether Plaintiffs (as opposed to their counsel or another third party)

notified Experian 'directly' as required by the text of § 1681i."  [Dkt. 168 at 3.]  Stecklein moved

to quash the subpoenas in the Western District of Missouri, where Stecklein is located.  The

Missouri court granted Stecklein's motion and quashed the subpoenas.  *See* [Dkt. 172-3].

Experian has appealed that ruling to the Eighth Circuit; that appeal remains pending.

Experian now moves to stay this case pending the resolution of the appeal so that, in the

event its appeal is successful, it would have any discovery it would obtain from Stecklein for

summary judgment purposes.  As Experian recognizes, the decision whether to stay a case lies within the sound discretion of the Court.  *See Nken v. Holder,* 566 U.S. 418, 433-34 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise result.  It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case.") (internal citations and quotation marks omitted).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.*

Experian has not met that burden here, and the Court does not find it to be in the best interests of justice to grant the requested stay.  This case is almost eighteen months old. Summary judgment motions are due in two weeks.  There is no way to know exactly how long the Eighth Circuit will take to resolve the appeal, but it is highly unlikely that it would take fewer than several months.  That delay is simply not justified, especially in light of the fact that the Missouri court's ruling is a discretionary discovery ruling, so Experian faces the uphill battle of convincing the Eighth Circuit that the ruling was an abuse of discretion.  In addition, pursuant to Rule 45(d)(1), a party serving a non-party subpoena "must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena," which includes pursuing the information sought by other means.  *See, e.g.*, *Breaking Media, Inc. v. Jowers*, 2021 WL 1299108, at *7 (S.D.N.Y. Apr. 7, 2021) (quashing non-party subpoena because party "failed to take any reasonable steps to obtain the information sought through other means").  In this case, Experian has (properly) pursued the information it seeks from Stecklein from other means. It has deposed Plaintiff Brianna Dulworth with regard to her involvement with the dispute letter that was sent to Experian.  [Dkt. 172-1.]  Experian also has obtained the draft dispute letters through discovery in this case.  [Dkt. 172 at 7 n.2.]  In light of the evidence it already has,

Experian has not shown that any additional information it is reasonably likely to obtain from Stecklein as a result of its appeal would be so important to its defense as to justify a substantial delay in the resolution of this case.

In the event that Experian is successful in its appeal and obtains information that it believes is relevant to summary judgment, it may move to file supplemental briefs.  In the meantime, this case will proceed.

SO ORDERED.

Dated:  24 AUG 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.